IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Flagstar Bank, F.S.B., | ) | C/A No.: 5:17-1416-JMC-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| Ruby Elaine Pinnex and Mortgage Electronic Registration Systems, Inc., as nominee for Homecomings Financial Network, Inc., | ) | REPORT AND RECOMMENDATION |
| Defendants. | ) | |

Defendant Ruby Elaine Pinnex ("Pinnex"), proceeding pro se, filed a notice of removal that purports to remove a mortgage foreclosure action filed by Flagstar Bank, F.S.B., ("Plaintiff") in the Court of Common Pleas in Calhoun County, South Carolina, Case No. 2015-CP-09-00126. [ECF Nos. 1 at 1; 1-6; 1-7]. All pretrial proceedings in this matter were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.). For the reasons that follow, the undersigned recommends this matter be remanded for lack of subject matter jurisdiction.

I.  Factual and Procedural Background

Pinnex purports to remove a mortgage foreclosure action associated with property located at 204 Baronet Lane, Elloree, SC, 29047. [ECF No. 1-7 at 6–11]. Pinnex alleges she is removing the action "for a Right to Review pursuant to Title 5 USC subsection 702." [ECF No. 1-1 at 1]. Pinnex claims the removal is proper because Plaintiff

> has brought this action against me into an administrative court, a foreign jurisdiction, in which this is a violation of a Treaty known as The Articles of Confederation and of the Expatriation Act of 1868. I also believe that they are also in violation of the Foreign Registration Act, Title 22 USC 611 and have filed a false claim with counterfeit securities against me.

*Id.* Pinnex also claims the court has jurisdiction due to diversity of citizenship. *Id.*

II. Discussion

The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court, if the state court action could have been originally filed there. *See Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 186 (4th Cir. 2002). Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there is federal question jurisdiction under 28 U.S.C. § 1331. Federal courts have held that removal statutes are to be construed against removal jurisdiction and in favor of remand. *See, e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990); *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D. Va. 1990). A federal court should remand the case to state court if there is no federal subject matter jurisdiction evident from the face of the notice of removal and any state court pleadings provided. *Ellenburg v. Spartan Motor Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Thus, *sua sponte* remand is available under appropriate circumstances.[1]

Pinnex seeks to remove a state law mortgage foreclosure action, but does not identify a viable basis for jurisdiction. To the extent Pinnex seeks to remove this civil

---

[1] The undersigned expresses no opinion at this time whether procedural defects in the removal would provide a basis for remand upon a properly-filed motion by Plaintiff.

action under 28 U.S.C. § 1331, the essential allegations contained in the complaint do not allege that the case is one "arising under the Constitution, laws, or treaties of the United States." There is no federal jurisdiction over a complaint that "merely states a cause of action for enforcement of a promissory note and foreclosure of the associated security interest in real property." *Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006); *see also Pettis v. Law Office of Hutchens, Senter, Kellam and Pettit*, C/A No. 3:13-147-FDW, 2014 WL 526105, at *2 (W.D.N.C. Feb. 7, 2014) (collecting cases); *Deutsche Bank Nat'l Trust Co. v. Lovett*, C/A No. 3:12-1819-JFA, 2013 WL 528759, at *2 (D.S.C. Feb. 11, 2013) (adopting Report and Recommendation remanding foreclosure case to state court). Although Pinnex cites to federal statutes and acts to support the removal [ECF No. 1-1], there are no federal statutes referenced in the complaint [ECF No. 1-7 at 6–11]. Additionally, to the extent Pinnex attempts to raise a defense to the foreclosure action based on these federal statutes or acts, such defenses do not establish removal jurisdiction. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1275 (4th Cir. 1985) ("A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction.").

To the extent Pinnex seeks to remove this civil action based on diversity of citizenship under 28 U.S.C. § 1332, a case may not be removed to federal court if any defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 90 (2005). As Pinnex is a citizen of South Carolina [ECF No. 1], her action may not be removed under § 1332. Because removal of this case under

federal question or diversity jurisdiction is improper, the case should be remanded to state court.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge remand this matter to the Court of Common Pleas of Calhoun County, South Carolina for lack of subject matter jurisdiction. Because this is only a recommendation, the Clerk of Court shall not immediately certify this matter to the Court of Common Pleas for Calhoun County. If both parties in this case fail to file written objections to this Report and Recommendation within fourteen days after this document is filed, or, if either party files written objections to this Report and Recommendation within fourteen days after this document is filed, the Office of the Clerk of Court, at the end of the fourteen day period, shall forward the case file and any objections to the United States District Judge for a final disposition.

IT IS SO RECOMMENDED.

June 9, 2017  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).