IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Flagstar Bank, F.S.B., | ) |
|                   Plaintiff, | ) Civil Action No.: 5:17-cv-01416-JMC |
| v. | ) **ORDER AND OPINION** |
| Ruby Elaine Pinnex and Mortgage Electronic Registration Systems, Inc., as nominee for Homecomings Financial Network, Inc., | ) |
|                   Defendant. | ) |

This matter is before the court upon *pro se* Defendant Ruby Elaine Pinnex's ("Defendant") Objection and Motion to Reconsider (ECF No. 21) the court's Order and Opinion entered on July 6, 2017, remanding Defendant's case to state court. (ECF No. 17.) For the reasons set forth below, the court **GRANTS** Defendant's Motion to Reconsider (ECF No. 21), but still **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 8), denying Defendant's specific request to remove this action from state court to federal court.

**I. PROCEDRUAL BACKGROUND**

On May 31, 2017, Defendant filed a Notice of Removal. (ECF No. 1.) On June 9, 2017, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the court remand Defendant's case to the Calhoun County Court of Common Pleas for lack of subject matter jurisdiction. (ECF No. 8.) On June 20, 2017, Defendant filed both an Objection to the Magistrate Judge's Report (ECF No. 11), and an Amended Complaint (ECF No. 12). On July 6, 2017, the court **ACCEPTED** the Magistrate Judge's Report and **REMANDED** Defendant's case

1

to state court. (ECF No. 17.) On July 6, 2017, Defendant filed an Objection and Motion to Reconsider. (ECF No. 21.)

## II. LEGAL STANDARD AND ANALYSIS

Defendant is a *pro se* litigant and her complaint is afforded liberal construction so as to give her an opportunity to have a claim stated where her alleged facts would merit one. *Erickson v. Pardus,* 551 U.S. 89, 94 (2014) (per curiam). A *pro se* complaint, regardless of how inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers. *Estelle v. Gamble,* 429 U.S. 97, 11 (1976).

The court analyzes Defendant's Objection and Motion to Reconsider under Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

In her Objection and Motion to Reconsider Defendant alleges,

> "This case was brought to the attention of this court under the right to review because the action of the state court was in the process of bringing harm to a National state citizen, and furthermore, I was seeking an answer to the question, can a corporation/entity bring a suit or charges against an American National. This question, as well as three other questions, was never addressed by this court. I feel that this case cannot be remanded until these questions have been properly answered."

(ECF No. 21 at 1). Defendant does specify one question that she feels the court has failed to answer; however, Defendant does not specify what three other questions the court has failed to answer. (*Id*.) The court assumes that the questions Defendant raises in her Objection and Motion to Reconsider (*Id.*) are the questions that the Defendant raised in her Amended Notice of Removal. (ECF No. 12.) Assuming this is the case, the court answers questions two (2) through four (4) of Defendant's Amended Notice of Removal on pages four (4) and five (5) of the court's Order and Opinion filed on July 6, 2017. (ECF No. 17.) Defendant's second question was "are the orders of an administrative court enforceable?" (ECF No. 12 at 2.) The court answers the question by stating,

> "The court construes this as an inquiry as to whether orders from the state courts of South Carolina are enforceable. This is clearly not a federal question. This court, as a federal district court is barred from reviewing or overturning or "declaring unenforceable" any state court decision by overwhelming Supreme Court precedent and the United States Constitution. *E.g., D.C. Cir. V. Feldman,* 460 U.S. 463, 474 (1983) (federal courts have no jurisdiction over the proceedings of state courts); *Rooker v. Fideleity Trust Co.,* 263 U.S. 413 (1923)."

(ECF No. 17 at 4.) Defendant's third question was "Is Title 22 USC 611 and 612 still applicable in the United States?" (ECF No. 12 at 2.) The court answers the question by stating, "This is not a federal question because 22 U.S.C. §§ 611 and 612, as used for the purposes of legal proceedings, are tools of application and not interpretation and, therefore, fail to raise federal questions. *Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 808 (1986)." (ECF No. 17 at 4.) Defendant's

3

fourth question was, "Does a Court have subject matter jurisdiction when the party that it is suing does not have the authority to sue? (right standing to sue)" (ECF No. 12 at 2). The court answers this question by stating "A party's standing to sue for recovery of property in a foreclosure procedure wholly governed by state law does not raise any federal questions." (ECF No. 17 at 4.)

In regard to three of the four questions Defendant asks, there has been no intervening change in the controlling law and Defendant has presented no new evidence; however, the court is presented with evidence that it clearly erred in its denial of Defendant's request for removal, namely, for failing to answer one question that Defendant posed in her Amended Complaint for Removal. (ECF No. 12 at 1.) The court below reconsiders its order remanding Defendant's case to state court on the basis that the court failed to answer one question that Defendant asked in her Amended Complaint for Removal. (*Id.*)

### III. RECONSIDERATION FOR FAILURE TO ANSWER A QUESTION

Defendant is correct in her rationale motioning the court to reconsider her request for removal of her case from state court, but her request for removal must be denied on other grounds. The question that the court failed to address in its order is "can a corporation/entity bring a suit or charges against an American National." (ECF No. 21 at 1.) Defendant's use of Executive Order 13132 as a reason for removal is without merit. Executive Order 13132 is an order "to ensure that the principles of federalism established by the Framers guide *the executive departments and agencies in the formulation and implementation of policies*, and to further the policies of the Unfunded Mandates Reform Act, it is hereby ordered as follows." *JPMorgan Chase Bank, Nat'l Ass'n v. Hayes*, No. CV 3:17-1568-JFA-SVH, 2017 WL 3613872, at *1 (D.S.C. Aug. 23, 2017) (citing Federalism, 64 FR 43255 (emphasis added)). As a result, the State of South Carolina and the Calhoun County Court of Common Pleas are not federal executive departments of agencies.

4

(*Id.* (citing S.C. Const.; S.C. Code Ann. § 14-5-10-20.))  Therefore, Defendant's Objection and Motion to Reconsider fails under the requirements of Rule 59(e) of the Federal Rules of Civil Procedure because Defendant's Objection and Motion to Reconsider does not show (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994).

### III.  CONCLUSION

Based on the aforementioned reasons, the court **GRANTS** Defendant's Motion to Reconsider (ECF No. 21), but it still **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 8), denying Defendant's specific request to remove this action from state court to federal court.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 13, 2017
Columbia, South Carolina